UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JUVENAL GODINEZ,

   Petitioner,

v.              Case No. 1:94-cr-182
               (Related Civil Case No. 1:01-CV-85)

UNITED STATES OF AMERICA,

               HON. GORDON J. QUIST

   Respondent.
_____/

## MEMORANDUM ORDER

This Court has before it Juvenal Godinez's ("Petitioner") Motion to Eliminate Enhancements and Reduce Sentence (Crim. Docket No. 146). In his motion, Petitioner claims that this Court impermissibly enhanced his sentence based on facts determined by the judge rather than the jury. *See* Petitioner's Motion at 1 (citing *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005)). On January 17, 1996, a jury found Petitioner guilty of conspiracy to distribute and possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. On April 8, 1996, this Court sentenced Petitioner to 292 months incarceration. Judgment was entered on April 8, 1996. Petitioner appealed his conviction to the United States Court of Appeals for the Sixth Circuit, and his conviction was affirmed on June 2, 1997. *See United States v. Godinez,* 114 F.3d 583 (6th Cir. 1997). Petitioner did not appeal his conviction to the Supreme Court.

On February 5, 2001, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. On January 2, 2003, the Court adopted the Report and Recommendation of the Magistrate Judge and denied the motion. On December 5, 2005, Petitioner filed this Motion to Eliminate Enhancements and Reduce Sentence.

Because Petitioner's earlier § 2255 motion was already denied, Petitioner attempts to circumvent the procedural limitations on filing a second or successive § 2255 motion by calling this motion a "Motion to Eliminate Enhancements and Reduce Sentence." This tactic, however, will not work. Based on his claims, Petitioner's motion must be recharacterized as a second petition pursuant to 28 U.S.C. § 2255. Furthermore, although the Court must provide notice before recharacterizing a *first* petition for post-conviction relief as a § 2255 petition, it need not do so when the Petitioner has already filed one § 2255 petition that has been dismissed. As properly summarized by the Tenth Circuit Court of Appeals:

> In recent years, we have explained that district courts should not sua sponte recharacterize a prisoner's petition for post-conviction relief as a § 2255 petition. . . . We have made these rulings, however, in cases where the recharacterized petition would have been the petitioner's *first* § 2255 petition. . . . Our concern in those cases – that characterizing a petition as an initial § 2255 might prevent a prisoner from raising a legitimate claim in a subsequent § 2255 petition – does not apply where, as in this case, the petitioner previously filed a § 2255 petition. Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.

*United States v. Torres*, 282 F.3d 1241, 1246 (10th Cir. 2002)(emphasis in original).

Petitioner's motion in this Court is a second petition because it alleges new and different grounds for relief after a first motion was already denied. *See e.g. McCleskey v. Zant*, 499 U.S. 467, 470, 111 S. Ct. 1454, 1457 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993). Before this Court may entertain a second § 2255 petition, it must be certified by the Court of Appeals for the Sixth Circuit to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C. § 2255; Rule 9, Rules Governing § 2255 Cases.

2

Thus, before a second petition is filed in the district court, the Petitioner must move in the court of appeals for an order authorizing the district court to consider the motion.[1] *See id.* The instant motion was mistakenly filed in the district court. The appropriate disposition is a transfer of the case to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore,

IT IS ORDERED that this Motion to Eliminate Enhancements and Reduce Sentence (Crim. Docket No. 146) is recharacterized as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255;

IT IS FURTHER ORDERED that this motion is transferred to the Sixth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.


Dated:  December 14, 2005                             /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                            UNITED STATES DISTRICT JUDGE

---

[1] However, the Court notes that Petitioner will face several hurdles even if the Sixth Circuit authorizes this Court to consider the motion. First, it appears that the one-year statute of limitations in which to file a § 2255 motion has expired. Second, Petitioner's argument that he was sentenced unlawfully under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738 (2005) must fail because the Sixth Circuit has explicitly held that the new procedural rule set forth in *Booker* does not apply retroactively to § 2255 cases on collateral review. *See Humphress v. United States,* 398 F.3d 855, 860-863 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 199 (2005).